■ RANDI ZINZ-BARTA, Respondent, v THOMAS T. BARTA, Appellant. — Judgment, Supreme Court, New York County, entered on September 12, 1980, affirmed, without costs and without disbursements. Concur — Murphy, P.J., Sullivan, Carro and Markewich, JJ.

Kupferman, J., dissents in part in the following memorandum: The parties were married in 1976. There are no children. The reciprocal divorces were granted in 1980. This court is affirming the judgment of absolute divorce and award of $10,000 in legal fees to the wife's counsel, and a direction that the husband turn over to the wife a half interest in a co-

operative apartment, and I concur, although there would seem to be a good question as to whether it was established that the wife was to have a half interest in the apartment when it was purchased by the husband, and hence whether a constructive trust should be imposed. However, in affirming an award of $250 per week as alimony, I believe the court completely ignores the requirement, both statutory and judicial, that a balancing of the needs of the parties should first be made. (Domestic Relations Law, § 236; see *Kay v Kay,* 37 NY2d 632, 637; 2 Foster and Freed, Law and the Family, Cumulative Supp § 22:24, p 77; § 22:25, p 84.) The wife is capable of earning $20,000 a year. While she and her husband during the relatively short marriage lived in an affluent life style, the source of the funds seems to have been the business of the husband's father. This award exceeds the bounds of discretion, and I would reverse and deny any alimony.